1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

Carlos RIOS,

9                           Plaintiff,

Case No. 2:21-cv-788

10                    v.

**COMPLAINT**

11   UNITED STATES OF AMERICA,

12                           Defendant.

13                       <u>**INTRODUCTION**</u>

14       1.      This case concerns the unlawful arrest and week-long immigration detention of

15   Plaintiff Carlos Rios (Mr. Rios)—a United States citizen—by U.S. Immigration and Customs

16   Enforcement.

17       2.      On November 17, 2019, Mr. Rios was on his way home from work when he was

18   arrested by Washington State Patrol in Pierce County, Washington, for allegedly driving under

19   the influence. Mr. Rios was booked into the Pierce County Jail.

20       3.      Pursuant to his arrest and booking, Mr. Rios's belongings were confiscated,

21   including his U.S. passport.

22       4.      After two days at Pierce County Jail, Mr. Rios was released, along with his

23   belongings. Yet upon his release from the jail, Mr. Rios was immediately taken into custody by

24   two individuals who did not identify themselves to him. Despite Mr. Rios's repeated and frantic

COMPLAINT – 1
Case No. 2:21-cv-788

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1   requests for an explanation as to why he was again being arrested, the individuals refused to

2   provide Mr. Rios any information or explanation. Instead, they restrained Mr. Rios's wrists and

3   ankles and placed him in the back of a van.

4       5.      Mr. Rios soon realized that these individuals were affiliated with U.S.

5   Immigration and Customs Enforcement (ICE). He demanded to be released, informing them that

6   he is a U.S. citizen and that he even had his U.S. passport among his personal belongings.

7   Nonetheless, the individuals refused to release Mr. Rios or even look at Mr. Rios's passport.

8       6.      The unidentified immigration officers transported Mr. Rios to the Northwest

9   Detention Center (NWDC) in Tacoma, Washington (also known as the Northwest ICE

10  Processing Center).

11      7.      Despite the fact that Mr. Rios has been a U.S. citizen for over 20 years, he was

12  detained for seven days at the NWDC, until November 26, 2019.

13      8.      During those seven days, Mr. Rios was subjected to conditions similar to criminal

14  carceral settings, and was placed in a cell for people at high risk of self-harm and subjected to

15  continual monitoring. He recalls that his bed was taken from him and he was forced to sleep on

16  the floor, with officers threatening to confiscate his clothes as well. A medical provider warned

17  Mr. Rios that he would be medicated.

18      9.      All of this occurred even while Mr. Rios continued to insist that he was a U.S.

19  citizen and was being detained unlawfully. Only after ICE finally conducted a records check did

20  immigration authorities acknowledge that Mr. Rios's assertions were true and release him.

21      10.     The Constitution and federal law prohibit the detention of U.S. citizens. ICE's

22  violation of these principles was egregious and disturbing, causing Mr. Rios significant harm.

23      11.     ICE's unlawful arrest and detention of Mr. Rios caused him to suffer loss of

24  liberty, significant humiliation, fear, trauma, stress, disruption, emotional distress, economic loss,

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

and other damages. In addition to the trauma he suffered as a consequence of his unlawful arrest and detention by immigration authorities, Mr. Rios suffered additional harm: he was forced to pay a $700 impound fee to recover his motorcycle; was unable to send money to Mexico to support his family there or to visit them for Christmas as he had planned; was forced to seek another job that did not pay as well; and experienced a strain on his marriage as a result of this incident.

12.     Accordingly, Mr. Rios brings this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, to vindicate his rights and seek damages for ICE's inexplicable and reprehensible conduct in arresting and detaining him.

## JURISDICTION

13.     This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331 (federal question statute) and 1346(b) (United States as a defendant).

## EXHAUSTION

~~14.~~     Pursuant to 28 U.S.C. § 2675(a), Mr. Rios submitted an administrative tort claim to ICE and the Department of Homeland Security (DHS) on November 10, 2020.

15.     Defendant has not responded to Mr. Rios's claim. Because DHS and ICE failed to make a final disposition of Mr. Rios's claim within six months, Mr. Rios's administrative claim is deemed finally denied. *See* 28 U.S.C. § 2675(a). Accordingly, Mr. Rios has exhausted all potential administrative remedies.

## VENUE

16.     Venue is proper in the U.S. District Court for the Western District of Washington under 28 U.S.C. § 1402(b).  The acts and omissions central to this complaint occurred within this District in Pierce County, Washington, and Plaintiff resides in this District.

COMPLAINT – 3
Case No. 2:21-cv-788

**PARTIES**

17.     Plaintiff Carlos Rios is a resident of Everett, Washington. Mr. Rios was born in Mexico, and became a naturalized citizen of the U.S. in 2000.

18.     Defendant United States of America is the appropriate defendant for claims brought pursuant to the FTCA.  28 U.S.C. § 1346(b).

**LEGAL FRAMEWORK**

19.     It is a fundamental principle of immigration law that immigration officials' authority to arrest, detain, and remove people from the United States does not extend to U.S. citizens.

20.     The Constitution, federal law, and federal regulations and guidance all provide critical safeguards for U.S. citizens to prevent against unlawful deprivations of their liberty. Under the Fourth Amendment, immigration officials may only deprive an individual of their liberty if they have a basis to suspect an immigration violation or crime. *See, e.g.*, *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975); *Orhorhaghe v. I.N.S.*, 38 F.3d 488, 497 (9th Cir. 1994); 8 U.S.C. § 1357.

21.     Moreover, Congress has made clear that U.S. citizens may not be detained except where Congress otherwise authorizes it. 18 U.S.C. § 4001. The Immigration and Nationality Act does not provide immigration authorities with any power to arrest or detain U.S. citizens. *See, e.g.*, 8 U.S.C. §§ 1226, 1357(a).

22.     DHS's regulations, which govern ICE, also provide that ICE agents must make a custody redetermination within 48 hours of arrest. 8 C.F.R. § 287.3(d). ICE guidance further provides that ICE agents have a duty to investigate claims of U.S. citizenship by arrested persons. *See* Memorandum from John Morton to Field Office Directors et al (Nov. 19, 2009),

COMPLAINT – 4
Case No. 2:21-cv-788

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1   https://www.ice.gov/doclib/foia/prosecutorial-discretion/reporting-investigating-us-citizen-

2   claims.pdf.

3   **FACTS**

4   **Mr. Rios's United States Citizenship**

5       23.    Rios has been a naturalized U.S. citizen for over 20 years. He was born in

6   Mexicali, Mexico, very close to the U.S. border, and has many family members who are also

7   U.S. citizens. He has lived in the U.S. since the 1980s.

8   **Encounter with Washington State Patrol and Detention at Pierce County Jail**

9       24.    On November 17, 2019, Mr. Rios was riding his motorcycle on the highway

10   when he was stopped by the Washington State Patrol. He was subsequently arrested for

11   suspected driving under the influence offense and transported to Pierce County Jail where he was

12   booked in during the early hours of November 18, 2019. Jail officials confiscated his

13   possessions, including his U.S. passport.

14       25.    Mr. Rios recalls that on the following day—November 19, 2019—a jail official

15   told him that he would be released. Before his release, Mr. Rios's belongings were returned to

16   him in a clear plastic bag, including his U.S. passport.

17       26.    Unbeknownst to Mr. Rios, ICE had issued an "immigration detainer" to Pierce

18   County Jail the prior day, erroneously asserting that probable cause existed to believe Mr. Rios

19   was removable from the United States, and requesting that jail officials inform ICE before

20   releasing Mr. Rios.

21       27.    On information and belief, Pierce County Jail officials informed ICE of Mr.

22   Rios's impending release, in accordance with the immigration detainer.

23

24

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

**Unlawful Arrest and Detention**

28.     Immediately after his release, Mr. Rios observed two individuals waiting for him outside of the jail. Mr. Rios recalls that these individuals immediately restrained his wrists and ankles. The individuals placed Mr. Rios in the van, without explanation and without identifying themselves.

29.     Mr. Rios eventually realized that these individuals were associated with ICE, and that they were taking him to the NWDC in Tacoma. He demanded to be released, asserting his U.S. citizenship and assuring the individuals he could prove his status with his U.S. passport, contained in the plastic bag with the rest of his belongings. The individuals refused to look at or open the bag to check for the passport.

30.     Mr. Rios continued to assert that he is a U.S. citizen upon his arrival to the NWDC and subsequent to his booking into the facility. However, he was not permitted to retrieve his passport nor make a phone call, and the booking officials did not review his passport.

31.     Mr. Rios was held in the NWDC for seven days, until November 26, 2019. During this time, he recalls being subjected to isolation and threats of sedation, and enduring conditions akin to criminal incarceration. He was also subjected to continuous, invasive, and demeaning monitoring, forced to sleep on the floor, and threatened with the loss of even his clothing.

32.     Throughout this time, Mr. Rios protested that he was a U.S. citizen, but to no avail.

33.     On November 26, 2019, Mr. Rios was transported to an ICE office in Tukwila, Washington. After collecting his biometrics and reviewing his records, Mr. Rios recalls a sudden change of tone in the way the surrounding officers addressed him. They were very polite as they explained that he would be released immediately, and even asked if they could help him arrange

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    for transportation. Mr. Rios asked if the officers would pay the $700 necessary to reclaim his

2    impounded motorcycle, but the officers refused to do so.

3          34.     In sum, ICE detained Mr. Rios, a U.S. citizen, for seven days. ICE arrested Mr.

4    Rios without any basis to do so, and in the face of flatly contradictory evidence regarding Mr.

5    Rios's lack of citizenship. Moreover, ICE did not provide Mr. Rios with a hearing in front of a

6    judge to justify his detention. Nor did ICE even provide any internal review until a week later,

7    directly violating agency regulations and policy.

8    **Consequences of Unlawful Detention**

9          35.     Mr. Rios suffered significant emotional and financial damages due to his unlawful

10   arrest and detention by ICE. Despite being a U.S. citizen, ICE deprived him of his liberty for a

11   week, violating his sense of safety and belonging in this country, effectively demonstrating that

12   he was not a full class citizen.

13          36.     In addition to the deprivation of his liberty and harm to his dignity, Mr. Rios

14   suffered significant emotional distress because of his unlawful detention. He was detained

15   without process and without a chance to defend himself. Indeed, the individuals detaining Mr.

16   Rios ignored his pleas that he was a U.S. citizen, and he was left to wonder and despair about

17   what would happen to him. Mr. Rios also experienced anger and frustration that despite being a

18   citizen, those detaining him paid no regard to his insistence that he was being detained

19   unlawfully.

20          37.     At the time of his initial arrest by the Washington State Patrol, Mr. Rios was

21   about to begin working at a new job. However, ICE's arrest and detention of Mr. Rios caused

22   him to lose that work opportunity because he was unable to report for work.

23          38.     As noted above, Mr. Rios was also required to pay an impound fee for his

24   motorcycle, which significantly increased because of the time he spent in ICE detention.

COMPLAINT – 7
Case No. 2:21-cv-788

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1      39.     Finally, Mr. Rios's marriage suffered a significant strain because of the incident.

2      40.     Defendant United States of America is liable for these acts and omissions under

3  the FTCA.

4  **CLAIMS FOR RELIEF**

5  **FIRST CLAIM FOR RELIEF**

6  **Federal Tort Claims Act – False Arrest**

7      41.     Mr. Rios re-alleges and incorporates by reference each and every allegation

8  contained above as though fully set forth herein.

9      42.     Under Washington law, the tort of false arrest is committed when a plaintiff

10  demonstrates the defendant's "unlawful violation of a person's right of personal liberty or the

11  restraint of that person without legal authority." *Bender v. City of Seattle*, 99 Wn.2d 582, 591

12  (1983).

13      43.     ICE agents unlawfully restrained and interfered with Mr. Rios's liberty of

14  movement when they arrested and detained him. ICE did so without a judicial warrant or

15  probable cause, and despite possessing evidence demonstrating that he was a U.S. citizen. ICE

16  therefore lacked legal authority for his arrest.

17      44.     Mr. Rios suffered harm as a result, including but not limited to loss of liberty,

18  significant humiliation, fear, trauma, stress, disruption, emotional distress, economic loss, and

19  other damages.

20      45.     Defendant United States of America is liable for these acts and omissions under

21  the FTCA.

22

23

24

COMPLAINT – 8
Case No. 2:21-cv-788

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

## SECOND CLAIM FOR RELIEF

### Federal Tort Claims Act – False Imprisonment

46.     Mr. Rios re-alleges and incorporates by reference each and every allegation contained above as though fully set forth herein.

47.     Under Washington law, a false imprisonment claim involves similar elements as those required to establish a false arrest.  *See Bender v. City of Seattle*, 99 Wn.2d 582, 591 (1983).

48.     ICE agents unlawfully restrained and interfered with Mr. Rios's liberty of movement by detaining him at the NWDC for seven days without probable cause to believe Mr. Rios had or was committing an immigration offense, and despite possessing evidence demonstrating he is a U.S. citizen.  ICE therefore lacked legal authority for his detention.

49.     Mr. Rios suffered harm as a result, including but not limited to loss of liberty, significant humiliation, fear, trauma, stress, disruption, emotional distress, economic loss, and other damages.

50.     Defendant United States of America is liable for these acts and omissions under the FTCA.

## THIRD CLAIM FOR RELIEF

### Federal Tort Claims Act – State Civil Rights Tort

51.     Mr. Rios re-alleges and incorporates by reference each and every allegation contained above as though fully set forth herein.

52.     Under the FTCA, the United States is liable "to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53.     Washington law recognizes a right to be free from discrimination based on race, color, or national origin under the Washington Law Against Discrimination (WLAD).  RCW 49.60.030(1).

54.     Under Washington law, this right to be free from discrimination includes "[t]he right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement."  RCW 49.60.030(1)(b). Such places include "any place . . . for public conveyance or transportation on land, water, or in the air, including the stations and terminals thereof."  RCW 49.60.040(2).  "Full enjoyment" of the place includes being admitted to the place "without acts directly or indirectly causing persons . . . to be treated as not welcome, accepted, desired, or solicited."  RCW 49.60.040(14).

55.     Washington law provides a private cause of action to recover money damages for individuals who have been injured by a violation of their right to be free from discrimination. RCW 49.60.030(2).

56.     The Ninth Circuit has recognized that an FTCA claim can arise based on a violation of the state tort of "[i]nterference with the civil rights of the plaintiffs."  *See, e.g.*, *Xue Lu v. Powell*, 621 F.3d 944, 950 (9th Cir. 2010). Courts in Washington have similarly recognized that such claims are cognizable. *Sosa Segura v. United States*, 418 F. Supp. 3d 605 (E.D. Wash. 2019).

57.     ICE violated Mr. Rios's right to be free from discrimination by arresting and detaining him based on his race, color, or national origin despite being a U.S. citizen. In arresting and detaining Mr. Rios, they prevented him from accessing public accommodations following his release from Pierce County custody.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

58.     Mr. Rios suffered harm as a result, including but not limited to loss of liberty, significant humiliation, fear, trauma, stress, disruption, emotional distress, economic loss, and other damages.

59.     Defendant United States of America is liable for these acts and omissions under the FTCA.

## FOURTH CLAIM FOR RELIEF

### Federal Tort Claims Act - Intentional Infliction of Emotional Distress

60.     Mr. Rios re-alleges and incorporates by reference each and every allegation contained above as though fully set forth herein.

61.     Under Washington law, the tort of intentional infliction of emotional distress contains three elements: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003).

62.     ICE arrested and detained Mr. Rios, a U.S. citizen, despite seizing and possessing his unexpired U.S. passport at the time of his arrest and despite DHS records that reflect he is a citizen.

63.     ICE's conduct was both extreme and outrageous. Arresting and detaining a U.S. citizen for seven days in immigration detention despite possessing immediate proof of his citizenship is shocking and intolerable.

64.     ICE acted in intentional and reckless disregard of Mr. Rios's rights by disregarding Mr. Rios's repeated insistence that he is a citizen and refusing to examine his U.S. passport.

65.     Mr. Rios suffered severe emotional distress that was actually and proximately

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1  caused by ICE's unlawful actions. ICE deliberately left Mr. Rios to languish for a week in

2  detention, causing him to wonder and fear what would happen to him. It also caused him

3  significant trauma and outrage, as detaining officials ignored his pleas insisting that he was a

4  U.S. citizen.

5     66.    Defendant United States of America is liable for these acts and omissions under

6  the FTCA.

7                        **FIFTH CLAIM FOR RELIEF**

8                   **Federal Tort Claims Act – Negligence**

9     67.    Mr. Rios re-alleges and incorporates by reference each and every allegation

10  contained above as though fully set forth herein.

11     68.    Washington law provides that "[i]n order to recover on a common law claim of

12  negligence, a plaintiff must show (1) the existence of a duty to the plaintiff, (2) a breach of that

13  duty, (3) a resulting injury, and (4) the breach as the proximate cause of the injury." *Lowman v.*

14  *Wilbur*, 309 P.3d 387, 389 (Wash. 2013) (internal quotation marks and citation omitted).

15     69.    ICE has a duty to act with reasonable care in exercising its authority and owed

16  this duty of care to Mr. Rios. *See Beltran-Serrano v. City of Tacoma*, 442 P.3d 608, 614 (Wash.

17  2019).

18     70.    ICE breached that duty by arresting and detaining Mr. Rios despite the fact that he

19  is a U.S. citizen and that DHS possesses records reflecting this fact.

20     71.    ICE further breached this duty when continuing to detain Mr. Rios despite his

21  repeated insistence that he is a U.S. citizen, and despite seizing and possessing his U.S. passport.

22     72.    ICE therefore failed to act with reasonable care in exercising its authority to

23  detain noncitizens for whom there is probable cause to believe they are removable from the

24  United States.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

73.    Mr. Rios suffered harm as a result, including but not limited to loss of liberty, significant humiliation, fear, trauma, stress, disruption, emotional distress, economic loss, and other damages.

74.    The acts and omissions of ICE in failing to exercise reasonable care to ensure that its agents were not arresting and detaining a U.S. citizen actually and proximately caused this injury to Mr. Rios.

75.    Defendant United States of America is liable for these acts and omissions under the FTCA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests relief as follows:

a.    Trial by judge on all claims so triable.

b.    Compensatory damages in an amount to be proven at trial.

c.    The right to conform the pleadings to the proof and evidence presented at trial.

d.    Such other relief as the Court deems just and equitable.

DATED this 10th day of June, 2021.

Respectfully submitted,

s/ Matt Adams
Matt Adams, WSBA No. 28287

s/ Aaron Korthuis
Aaron Korthuis, WSBA No. 53974

s/ Margot Adams
Margot Adams, WSBA No. 56573

**NORTHWEST IMMIGRANT RIGHTS PROJECT**
615 Second Avenue, Suite 400
Seattle, Washington 98104
Tel: +1.206.957.8611
Fax: +1.206.587.4025
matt@nwirp.org

COMPLAINT – 13
Case No. 2:21-cv-788

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

aaron@nwirp.org
margot@nwirp.org

*Counsel for Plaintiff*

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611